UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| **CLAYTON DRUMMOND**<br>2021 Druid Hill Avenue<br>Baltimore, MD 21217<br><br>**GREGORY FITZ**<br>2900 Keyworth Avenue<br>Baltimore, MD 21215<br><br>**JAMES GILLIARD**<br>2618 Robb Street<br>Baltimore, MD 21218<br><br>**CALVIN HUGHES**<br>1528 N Stricker Street<br>Baltimore, MD 21217<br><br>*Individually and On Behalf of*<br><br>*All Others Similarly Situated*<br><br>Plaintiffs,<br><br>vs.<br><br>**DAVID'S LOFT CLINICAL PROGRAMS, INC.**<br>2641 Maryland Avenue<br>Baltimore, MD 21218<br><br>SERVE RESIDENT AGENT:<br>David Thompson<br>2641 Maryland Avenue<br>Baltimore, MD 21218<br><br>**DAVID H. THOMPSON, JR.**<br>2641 Maryland Avenue<br>Baltimore, MD 21218<br><br>Defendants. | Civil Case No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br><u>**JURY TRIAL DEMANDED**</u> |

Plaintiffs Clayton Drummond, Gregory Fitz, James Gilliard and Calvin Hughes,

individually and on behalf of all others similarly situated, by and through their attorneys, hereby file this Collective and Class Action Complaint against Defendants David's Loft Clinical Programs, Inc. and David H. Thompson, Jr., and allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs bring this action for themselves and all other similarly situated collective members to recover unpaid overtime wages, liquidated damages and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Plaintiffs also bring this action for themselves and all other similarly situated Rule 23 class members to recover unpaid back wages, overtime pay, treble damages and reasonable attorneys' fees and costs under the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann. Lab. & Empl. § 3-401, *et seq.* and Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code. Ann. Lab. & Empl. § 3-501, *et seq*.

3. Defendants "provide[] Psychiatric Rehabilitation Program (PRP) services to adults (18 years of age and up) and youth (5 – 17 years old) who have been adjudicated in either the child welfare/foster care court or the juvenile services court."[1]

4. Plaintiffs and the putative FLSA collective and Rule 23 class members are Rehabilitation Specialists/House "Managers" subject to Defendants' unlawful common policies and practices.

5. Plaintiffs and the putative FLSA collective and Rule 23 class members performed primary job duties that do not fall within any exemptions from overtime under the FLSA, MWHL and MWPCL.

---

[1] *See* David's Loft Clinical Programs, Inc. website http://www.davidsloft.net/psychiatric-rehabilitation-program-prp/ (last accessed September 23, 2020).

2

6. Defendants misclassified Plaintiffs and the putative FLSA collective and Rule 23 class members as exempt employees, required and permitted them to work over forty hours per week, and failed to pay overtime wages at the mandated time and a half rate for each hour they worked in excess of forty per workweek, in violation of the FLSA, MWHL and MWPCL.

7. Plaintiffs assert the FLSA claims on behalf of a putative nationwide FLSA collective, defined as:

> *All Rehabilitation Specialists/House "Managers" of Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

8. Plaintiffs seek to send a Notice pursuant to 29 U.S.C. § 216(b) to all Rehabilitation Specialists/House "Managers" of Defendant permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

9. Plaintiffs assert the MWHL and MWPCL claims on behalf of a putative Rule 23 class pursuant to Fed. R. Civ. P. 23, defined as:

> *All Rehabilitation Specialists/House "Managers" of Defendants in the State of Maryland at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

10. In addition, Defendants have failed and refused to compensate Plaintiffs for work performed during certain pay periods including, *inter alia*, the first pay period after the start of employment and the pay period when Defendants switched payroll from weekly to bi-weekly in approximately 2019.

11. Defendants have willfully and intentionally committed violations of the above-described statutes and corresponding regulations, in the manner described herein.

12. Defendants were sent a pre-suit demand letter but elected not to resolve this matter without judicial intervention.

## **JURISDICTION AND VENUE**

13. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201 *et seq.*

14. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiffs' federal claims and employment with Defendants.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) because Defendants employed Plaintiffs in this district and a substantial part of the acts or omissions giving rise to this action occurred in this district and Defendants are subject to personal jurisdiction in this district.

## THE PARTIES

16. Defendant David's Loft Clinical Programs, Inc. ("David's Loft Clinical Programs") is a domestic for-profit entity created and existing under and by virtue of the laws of the State of Maryland.

17. According to the public records on the Maryland Department of Assessments & Taxation website[2], David's Loft Clinical Programs maintains a principal office at 2641 Maryland Avenue, Baltimore, MD 21218.

18. Defendant David H. Thompson, Jr. ("Thompson") is the owner, director and shareholder of David's Loft Clinical Programs.

19. According to the public records on the Maryland Department of Assessments & Taxation website, Mr. Thompson is also the designated Resident Agent of David's Loft Clinical Programs at the address 2641 Maryland Avenue, Baltimore, MD 21218.

20. Mr. Thompson is personally involved in the daily operation of David's Loft Clinical Programs.

---

[2] https://egov.maryland.gov/BusinessExpress/EntitySearch.

21. Mr. Thompson is present at David's Loft Clinical Programs' offices on a regular basis.

22. Mr. Thompson is personally involved in the daily management of David's Loft Clinical Programs' employees.

23. Mr. Thompson has personally determined the compensation policies and work schedules, duties and conditions of David's Loft Clinical Programs' employees.

24. Mr. Thompson possesses and exercises the authority to hire and fire David's Loft Clinical Programs' employees.

25. Mr. Thompson was personally involved in the hiring of Plaintiffs.

26. Mr. Thompson was personally involved in determining the compensation of Plaintiffs.

27. Mr. Thompson was personally involved in the work schedules, duties and conditions of Plaintiffs.

28. Plaintiff Clayton Drummond ("Drummond") is a resident of the City of Baltimore and State of Maryland.

29. Mr. Drummond was employed by Defendants from approximately January 2019 to June 2020.

30. Mr. Drummond's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 1**.

31. Plaintiff Gregory Fitz ("Fitz") is a resident of the City of Baltimore and State of Maryland.

32. Mr. Fitz was employed by Defendants from approximately February 2018 to June 2020.

33. Mr. Fitz's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 2**.

34. Plaintiff James Gilliard ("Gilliard") is a resident of the City of Baltimore and State of Maryland.

35. Mr. Gilliard was employed by Defendants from approximately May 2018 to July 2020.

36. Mr. Gilliard's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 3**.

37. Plaintiff Calvin Hughes ("Hughes") is a resident of the City of Baltimore and State of Maryland.

38. Mr. Hughes was employed by Defendants from approximately February 2019 to July 2019.

39. Mr. Hughes's written consent to become an FLSA party plaintiff is attached hereto as **Exhibit 4**.

## FACTUAL ALLEGATIONS

40. Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

41. Defendants have generated over $500,000 in revenue per year.

42. Defendants have had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

43. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

44. Defendants were the "employers" of Plaintiffs and the putative collective/class members within the meaning of 29 U.S.C. § 203(d) and Md. Code Ann., Lab. & Empl. §§ 3-101, 3-401 and 3-501.

45. Defendants knowingly "suffered or permitted" Plaintiffs and the putative collective members to work and thus "employed" them within the meaning of 29 U.S.C. §203(g).

46. Defendants hired Plaintiffs and the putative collective/class members and determined the rate and method of the payment of their wages.

47. Defendants controlled the work schedules, duties, protocols, applications, assignments and work conditions of Plaintiffs and the putative collective/class members.

48. At all relevant times alleged herein, Plaintiffs and the putative collective/class members performed job duties that do not fall within any exemptions from overtime under the FLSA, MWHL and MWPCL.

49. Plaintiffs were employed by Defendants as Rehabilitation Specialists/House "Managers".

50. Plaintiffs' and the putative collective/class members' primary job duties did not include the management and/or supervision of at least two full-time employees or their equivalent.

51. Plaintiffs' and the putative collective/class members' primary job duties did not include the exercise of discretion and independent judgment.

52. Defendants required Plaintiffs and the putative collective/class members to regularly work over forty hours in a workweek.

53. Plaintiffs and the putative collective/class members regularly worked more than forty hours per week.

54. Defendants classified Plaintiffs and the putative collective/class members as exempt employees.

55. Defendants misclassified Plaintiffs and the putative collective/class members as exempt employees.

56. Defendants knew Plaintiffs and the putative collective/class members regularly worked overtime but failed to pay them the federal and state mandated overtime wages at a rate of not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) in a workweek.

57. For instance, attached as **Exhibit 5** is Mr. Drummond's paystub for the pay period from

March 2, 2020 to March 15, 2020; the paystub shows Defendant paid the workers on a bi-weekly basis.

58. During this pay period, Mr. Drummond worked more than forty hours in a workweek – more than eighty hours in two workweeks – and Defendant failed to pay any overtime wages. **Exhibit 5**.

59. In addition, Defendants have failed and refused to compensate Plaintiffs for work performed during certain pay periods including, *inter alia*, the first pay period after the start of employment and the pay period when Defendants switched payroll from weekly to bi-weekly in approximately 2019.

60. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

61. Defendants' violations of the above-described federal and state wage and hour statutes and regulations were willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

62. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

63. Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, on behalf of all Rehabilitation Specialists/House "Managers" who have been affected by Defendants' common unlawful policies and practices of shorting overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant

regulations at 29 C.F.R. § 516, *et seq*.

64. Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All Rehabilitation Specialists/House "Managers" of Defendants at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

65. Plaintiffs bring this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

66. The collective action further alleges a willful violation of the FLSA and is covered by a third year of limitations.

67. Plaintiffs seek to send Notice to all similarly situated workers as provided by 29 U.S.C. § 216(b) and supporting case law.

68. Certification of the collective action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiffs bring this collective action are similarly situated because they were subject to the same or similar unlawful policies and practices as stated herein and their claims are based upon the same factual and legal theories.

69. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendants' records.

70. Plaintiffs and the putative FLSA collective members demand a trial by jury.

**RULE 23 CLASS ACTION ALLEGATIONS**

71. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

72. Plaintiffs also seek to maintain this action pursuant to Fed. R. of Civ. P. 23, as an opt-out class action, on behalf all Rehabilitation Specialists/House "Managers" who have been affected by Defendants' common unlawful policies and practices of shorting overtime wages, in violation of the MWHL and MWPCL.

73. Plaintiffs bring this Rule 23 class action on behalf of the following Rule 23 class:

> *All Rehabilitation Specialists/House "Managers" of Defendants in the State of Maryland at any time from three (3) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

74. The Rule 23 class seeks to recover up to treble damages of unpaid wages and reasonable attorneys' fees and costs under the MWHL and MWPCL.

75. The members of the Rule 23 classes are so numerous that joinder of all class members in this case would be impractical. Plaintiffs reasonably estimate that there are a substantial number of class members in the States of Maryland. The Rule 23 class members should be easy to identify from Defendants' payroll and personnel records.

76. There is a well-defined community of interest among the Rule 23 class members and common questions of law and fact predominate in this action over any questions affecting each individual class member.

77. Plaintiffs' claims are typical of those of the Rule 23 class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic pay policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of shorting workers' wages.

Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

78. Plaintiffs were employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, shorting workers' wages. Thus, there are common questions of law and fact which are applicable to each and every one of the class members.

79. Plaintiffs will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiffs and their counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

80. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs' claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a Rule 23 class action. Plaintiffs and their counsel know of no unusual difficulties in this case.

81. Plaintiffs and the Rule 23 class members demand a trial by jury.

**FIRST CLAIM FOR RELIEF**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**(Brought by Plaintiffs Individually and on Behalf of the FLSA Collective)**

82. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

83. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his

employees ... for a workweek longer than forty hours unless such employee receive compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

84. Plaintiffs and FLSA collective members were "employees" under 29 U.S.C. § 203(e) and thus covered by the FLSA, 29 U.S.C. § 207(a)(1).

85. Defendants were the "employers" of Plaintiffs and FLSA collective members under 29 U.S.C. § 203(d).

86. Defendants, as Plaintiffs' and FLSA collective members' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

87. Plaintiffs and FLSA collective members regularly worked over forty hours per week.

88. Plaintiffs and the FLSA collective members performed job duties that do not fall within any exemptions from overtime under the FLSA.

89. Plaintiffs and the FLSA collective members were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty per workweek.

90. Defendants have failed and refused to compensate Plaintiffs and the FLSA collective members properly as required by law for numerous overtime hours worked.

91. In addition, Defendants have failed and refused to compensate Plaintiffs for work performed during certain pay periods including, *inter alia*, the first pay period after the start of employment and the pay period when Defendants switched payroll from weekly to bi-weekly in approximately 2019.

92. Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

93. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

94. As a result of Defendants' uniform policy and practice described above, Plaintiffs and the FLSA collective members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorneys' fees and other compensation pursuant to 29 U.S.C § 216(b).

**SECOND CLAIM FOR RELIEF**
**Violation of the Maryland Wage and Hour Law**
**(Brought by Plaintiffs Individually and on Behalf of the Rule 23 Class)**

95. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

96. The Maryland Wage and Hour Law requires each employer shall pay an overtime wage of at least 1.5 times the usual hourly wage. Md. Code Ann., Lab. & Empl. §§ 3-415, 3-420.

97. Plaintiffs and the Rule 23 class members were "employees" covered by the Maryland Wage and Hour Law.

98. Defendants were the "employers" of Plaintiffs and the Rule 23 class members under Md. Code Ann., Lab. & Empl. §§ 3-101, 3-401.

99. Defendants, as Plaintiffs' and the Rule 23 class members' employers, were obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

100. Plaintiffs and the Rule 23 class members regularly worked over forty hours per week.

101. Plaintiffs and the Rule 23 class members performed job duties that do not fall within any exemptions from overtime under the MWHL.

102. Plaintiffs and the Rule 23 class members were entitled to, and are owed, overtime pay at the rate of one and one-half (1 ½) times the regular rate of pay for hours worked in excess of forty per workweek.

103. Defendants have failed and refused to compensate Plaintiffs and the Rule 23 class members properly as required by law for numerous overtime hours worked.

104. In addition, Defendants have failed and refused to compensate Plaintiffs for work performed during certain pay periods including, *inter alia*, the first pay period after the start of employment and the pay period when Defendants switched payroll from weekly to bi-weekly in approximately 2019.

105. Defendants' uniform conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

106. As a result of Defendants' uniform policy and practice described above, Plaintiffs and the Rule 23 class members were illegally deprived of overtime wages earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, costs, reasonable attorneys' fees and other compensation under the MWHL.

### THIRD CLAIM FOR RELIEF
**Violation of the Maryland Wage Payment and Collection Law**
**(Brought by Plaintiffs Individually and on Behalf of the Rule 23 Class)**

107. Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

108. Defendants have failed and continue to fail to pay to Plaintiffs and Rule 23 class members earned wages, which are due and owing to them.

109. In addition, Defendants have failed and refused to compensate Plaintiffs for work performed during certain pay periods including, *inter alia*, the first pay period after the start of

employment and the pay period when Defendants switched payroll from weekly to bi-weekly in 2019.

110. Section 3-501(c) of MWPCL defines wages as including "overtime wages."

111. Section 3-502 of the MWPCL requires an employer to pay all wages earned "at least once in every 2 weeks or twice in each month."

112. Defendants violated Section 3-502 of the MWPCL by failing to pay Plaintiffs and Rule 23 class members earned overtime wages on time.

113. Section 3-505 of the MWPCL requires employers to pay an employee "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated."

114. Defendants violated Section 3-505 by failing to pay Plaintiffs and Rule 23 class members their overtime wages at any time on or before the employment relationship between the parties terminated or when they became due under the Maryland Wage Payment and Collection Law.

115. The aforesaid actions and/or omissions of defendant are in contravention of the Maryland Wage Payment and Collection Law. Maryland Employment & Labor Code Ann., Sec. 3-505.

116. The Court is permitted to award Plaintiffs and Rule 23 class members treble damages and reasonable counsel fees for any violation of the Maryland Wage Payment Collection Law. Md. Code Ann., Lab. & Empl. 3-507.2.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand declaratory and monetary judgment and relief against Defendants, and each of them, individually, jointly and severally, as follows:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and attendant

regulations at 29 C.F.R. §516 *et seq.*;

(B)  A declaratory judgment that Defendants' wage practices alleged herein violate overtime provisions of the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann. Lab. & Empl. § 3-401 *et seq.*, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code. Ann. Lab. & Empl. § 3-501 *et seq.*;

(C)  An Order for injunctive relief ordering Defendants to comply with the FLSA, MWHL and MWPCL and end all of the illegal wage practices alleged herein;

(D)  Certifying this action as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E)  Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the MWHL and MWPCL claims set forth herein;

(F)  Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G)  Authorizing Plaintiffs' counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and participate in this lawsuit;

(H)  Designating Lead Plaintiffs as the representatives of the FLSA collective in this action;

(I)  Designating the Lead Plaintiffs as the representative of the Rule 23 class in this action;

(J)     Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 Classes in this action;

(K)     Judgment for damages including all unpaid wages and liquidated damages to which Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(L)     Judgment for damages including all unpaid wages and liquidated damages to which Plaintiffs and the Rule 23 class members are lawfully entitled under the MWHL;

(M)     Judgment for treble to which Plaintiffs and the Rule 23 class members are lawfully entitled under the MWPCL;

(N)     An incentive award for the Lead Plaintiffs for serving as representatives of the FLSA collective and Rule 23 classes in this action;

(O)     An Order directing Defendants to pay Plaintiffs and members of the collective/class reasonable attorneys' fees and all costs connected with this action pursuant to the FLSA, MWHL and MWPCL;

(P)     Judgment for any and all civil penalties to which Plaintiffs and members of the collective/class may be entitled; and

(Q)     Such other and further relief as to this Court may deem necessary, just and proper.

## **JURY DEMAND**

Plaintiffs, individually and on behalf of all other FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: __ October, 2020                              Respectfully submitted,

By: /*s/*
James Edward Rubin
**THE RUBIN EMPLOYMENT LAW FIRM, PC**
600 Jefferson Plaza, Suite 204
Rockville, MD 20852
T: (301) 760-7914
jrubin@rubinemploymentlaw.com

*Local Counsel for Plaintiffs*

Jason T. Brown (to seek *pro hac vice* admission)
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, New Jersey 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com

*Lead Counsel for Plaintiffs*