IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **CLAYTON DRUMMOND,** *et al.*, | * | |
| Plaintiffs, | * | |
| v. | | Case No.: DLB-20-2881 |
| | * | |
| **DAVID'S LOFT CLINICAL PROGRAMS,** *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On October 6, 2020, plaintiffs Clayton Drummond, Gregory Fitz, James Gilliard, and Calvin Hughes filed a collective and class action complaint on behalf of themselves and all others similarly situated against David's Loft Clinical Programs and David H. Thompson, Jr. (together, "David's Loft"), claiming that David's Loft failed to pay them overtime pay and back pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430, and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. *See* Compl. ¶¶ 1–2, ECF 1. On December 18, 2020, Larry Phillips and Darryl Faulkner filed consents to opt into the litigation. ECF 19-1. On April 9, 2021 the named parties filed a joint motion for court approval of their settlement agreement and a memorandum in support. *See* Jt. Mot. & Jt. Mem., ECF 35 & 35-1. I find the settlement amount and terms, including the payment to plaintiffs and attorneys' fees, are reasonable and fair in light of the facts of this case.

**I.    Background**

Plaintiffs worked for David's Loft as "Rehabilitation Specialists/House 'Managers,'" non-exempt employees, at all relevant times. Compl. ¶¶ 4–5. Plaintiffs allege that David's Loft

improperly characterized their position as exempt and failed to pay their overtime wages in violation of state and federal law. *Id.* ¶¶ 55, 56. The Settlement Agreement ("Agreement") releases and discharges defendants from "all claims brought by Plaintiffs in their Complaint." *See* Agr. ¶ 4, ECF 35-2. The settlement amount of the Agreement is $118,419.95, which includes attorneys' fees and costs of $20,919.95. *Id.* ¶ 2. From the total settlement, Mr. Drummond will receive $16,373.81, Mr. Fitz will receive $26,221.43, Mr. Gilliard will receive $23.430.95, Mr. Hughes will receive $6,000.00, Mr. Phillips will receive $19,469.05, and Mr. Faulkner will receive $6,004.76. *Id.*

## II. Discussion

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved. However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d

at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Saman*, 2013 WL 2949047, at *3 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

1. ***Bona Fide* Dispute**

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See id.* at 408. There are several issues that both parties genuinely dispute. *See* Jt. Mem. 4–5. Significantly, the parties dispute whether plaintiffs were exempt employees and whether the defendants owe plaintiffs any unpaid wages and overtime and the amount of any damages. *Id.*

2. **Fairness & Reasonableness**

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10).  These factors are applied here.

First, the parties have engaged in informal discovery to ascertain the number of overtime hours plaintiffs worked, their pay rate, and how much overtime pay they received.  *See* Jt. Mem. 5–6.

Second, the parties engaged in extensive settlement negotiations before beginning formal discovery.  This timing was purposeful.  Discovery—including interrogatories, document requests, and depositions—would require a significant investment of time and effort and would be expensive for both sides.

Third, there is no evidence of fraud or collusion in the settlement.  The parties spent many hours negotiating a settlement.  *Id.* at 6.  Before their negotiations, they had sufficient opportunities to evaluate their claims and defenses in the light of the evidence they exchanged through informal discovery.  Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case."  *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).

Fourth, the parties are represented by competent and experienced counsel.  *See* Jt. Mem. 8.  Plaintiffs' attorneys "are experienced wage-and-hour attorneys with an extensive track record of handling similar cases in this Court and in other courts throughout the country."  *Id.*  Defendants are represented by experienced counsel from a firm that handles labor and employment litigation on behalf of large and small companies throughout the world.

The fifth factor—the opinions of class counsel—is not relevant.  Although plaintiffs initiated this litigation with a collective and class action complaint, the class was not certified and

the settlement is between the named parties only.  *See* Agr. 1.  Therefore, this is not a class action settlement.  *See Lomascolo*, 2009 WL 309495, at *10.

Regarding the sixth factor, the parties agree that the $118,419.95 settlement amount, including $20,919.95 in attorneys' fees and costs, is fair and reasonable, given the risks of litigation.  Jt. Mem. 6.  It is noteworthy that the parties dispute both liability and damages.  *Id.* at 4–5, 8.

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3.  Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable.  *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012).  The Agreement provides for attorneys' fees of $20,000.00 and costs of $919.95.  Jt. Mem. 7; Agr. ¶ 2.  When the Court calculates an award of attorneys' fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended."  *See Lopez*, 838 F. Supp. 2d at 348.  The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of the fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978).  They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiffs' counsel agreed to accept $20,919.95 for fees and costs. *See* Jt. Mem. 7. Plaintiffs' counsel worked on the case for more than 92 hours, including 80.6 hours by attorneys and 12.1 hours by administrative assistants. Conlon Decl. ¶¶ 7–8, ECF 35-3. These hours include time spent investigating plaintiffs' claims, attempting pre-suit settlement negotiations, conferring with the six plaintiffs regarding the facts underlying their claims and settlement negotiations, analyzing plaintiffs' potential damages, and negotiating the settlement. Plaintiffs' counsel's hourly rates are $300 for Nicholas Conlon, who expended 14.7 hours on the case and has been in practice for 8 years; $475 for Jason Brown, who expended 1.3 hours on the case and has been in practice for 25 years; $400 for James Rubin, who expended 3.7 hours on the case and has been in practice for 24 years; $225 for former counsel Tony Teng, who expended 60.9 hours on the case and has been in practice for 4 years; and $125 for counsel's firm's administrative assistants. Conlon Decl. ¶ 9. These rates are consistent with this Court's guidelines. *See* Loc. R. App'x B, ¶ 3(a), (b), (e) & (f) (D. Md.) (providing ranges of $150–225 for an attorney who has been in practice for less than 5 years; $165–300 for an attorney who has been in practice for 5–8 years; $300–475 for an attorney who has been in practice for 20 years or more; and $95–150 for paralegals and law clerks). The Court finds the attorneys' fees and costs are fair and reasonable.

## ORDER

For the reasons stated above, it is, this 23rd day of April, 2021, hereby ORDERED that:

1. The Joint Motion for Approval of Settlement, ECF 35, is GRANTED; and
2. The Clerk is DIRECTED to CLOSE THE CASE.

/S/
Deborah L. Boardman
United States Magistrate Judge
